UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P.<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | Case No. CV 18-6484-SP<br><br>MEMORANDUM OPINION AND ORDER |

# I.
# **INTRODUCTION**

On July 27, 2018, plaintiff Christopher P. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents two disputed issues for decision: (1) whether the

Administrative Law Judge ("ALJ") posed a complete hypothetical to the vocational expert; and (2) whether the ALJ properly classified plaintiff's position as a greeter as past relevant work. Plaintiff's Opening Brief ("P. Mem.") at 6-11; *see* Defendant's Memorandum in Support of Answer ("D. Mem.") at 1-4.

Having carefully studied the parties' memoranda on the issues in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ posed a complete hypothetical and properly classified plaintiff's work. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 55 years old on the alleged disability onset date, has an eleventh grade education. AR at 205-06, 269. Plaintiff has past relevant work as a hybrid of stock clerk and merchandise deliverer, stock clerk by itself, and sales attendant. *Id.* at 260-61. Plaintiff refers to the sales attendant job as a greeter. *See, e.g., id.* at 259. The vocational expert classified the greeter job as a sales attendant position. *Id.* at 261.

On December 23, 2014, plaintiff filed an application for a period of disability and DIB, alleging an onset date of July 21, 2013 due to knee, back, wrist, hand, neck, ankle, and shoulder pain. *Id.* at 269. The Commissioner denied plaintiff's application initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 287-98.

On March 16, 2017, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 199-267. The ALJ also heard testimony from Nick Corso, a vocational expert. *Id.* at 260-65. On August 25, 2017, the ALJ denied plaintiff's claim for benefits. *Id.* at 32-42.

Applying the well-known five-step sequential evaluation process, the ALJ

found, at step one, that plaintiff had not engaged in substantial gainful activity since July 21, 2013, the alleged onset date. *Id.* at 34.

At step two, the ALJ found plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, right knee osteoarthritis, partial tear of right Achilles' tendon, and right wrist sprain. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 37.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that from July 21, 2013 through November 9, 2014, he had the RFC to perform a range of medium work, with the limitations that he could: lift and carry 50 pounds occasionally and 25 pounds frequently; sit for six hours; stand for six hours; walk for six hours; push and pull 50 pounds occasionally and 25 pounds frequently; operate foot controls with the right foot occasionally; climb ramps, stairs, ladders, ropes, or scaffolds occasionally; and stoop, kneel, crouch, or crawl occasionally. *Id.* at 38. The ALJ determined that beginning in November 9, 2014, plaintiff required further restrictions. *Id.* Plaintiff then had the RFC to perform a range of light work with the same limitations as before except he could only lift and carry 20 pounds occasionally and 10 pounds frequently, and push and pull 20 pounds occasionally and 10 pounds frequently. *Id.*

The ALJ found, at step four, that from July 21, 2013 through November 9, 2014, plaintiff could perform his past relevant work as a stock clerk as actually

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

performed and sales attendant as generally and actually performed. *Id*. at 41. The ALJ also found that starting from November 9, 2014, plaintiff could perform his past relevant work as a sales attendant as generally and actually performed. *Id*. at 41-42. Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* at 42.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be

affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Posed a Complete Hypothetical

Plaintiff contends the ALJ failed to posed a proper hypothetical to the vocational expert ("VE").  P. Mem. at 6-8.  Specifically, plaintiff argues the ALJ failed to incorporate the limitation to standing or walking for six hours in an eight-hour workday in his hypothetical.  *See id*.

A hypothetical posed to a vocational expert must include all of the claimant's limitations and restrictions that the ALJ found credible and supported by substantial evidence in the record.  *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).  "'If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"  *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (internal quotation marks and citation omitted)); *Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) (same and citing additional authority).

In his RFC determination for both periods, the ALJ limited plaintiff to standing or walking for six hours in an eight-hour workday.  AR at 38.  Nevertheless, when the ALJ posed his first hypothetical to the VE, he only stated it was for medium work and did not specifically include the standing or walking

limitations. *See id.* at 261-62. By definition, a full range of medium work involves lifting no more than 50 pounds occasionally, lifting or carrying no more than 25 pounds occasionally, and standing or walking up to approximately six hours in an eight-hour workday. 20 C.F.R. 404.1567(c)[2]; Social Security Ruling ("SSR") 83-10.[3] As such, the ALJ's reference to medium work in his hypothetical sufficiently captures the standing and walking limitations. *See Bailey v. Astrue*, 2010 WL 1233459, at *6 (C.D. Cal. Mar. 22, 2010) (because "medium work by definition require[s] standing or walking approximately six hours of an eight hour day," the ALJ's hypothetical, which only referred to medium work but not the standing or walking limitations, was proper); *see also Doyle v. Berryhill*, 2017 WL 2364312, at *10 (D. Vt. May, 31, 2017) (limiting hypothetical to medium work without specifying standing and walking limitations was adequate because the plaintiff's limitations fell within the definition of medium work); *Hillard v. Colvin*, 2014 WL 292861, at *5 (M.D. Ala. Jan. 27, 2014) ("medium work" includes limitations for standing and walking); *but see Brasfield v. Astrue*, 2012 WL 3893574, at *4 (M.D. Fla. Sept. 7, 2012) (hypothetical referring to medium work without standing and walking limitations was ambiguous).

      To the extent the ALJ's hypothetical was ambiguous, the error was harmless. When the vocational expert responded to the ALJ's hypothetical, he testified that plaintiff could perform the job of stock clerk as performed. AR at 262. At the

---

[2] All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

hearing, plaintiff testified that he stood for approximately six out of eight hours when he was a stock clerk. *Id.* at 238. It is a reasonable assumption the vocational expert based his testimony on plaintiff's own testimony as to how he performed his job. Although plaintiff now contends he stood for eight hours as documented in his work history report, a closer look at the report calls into question the reliability of plaintiff's responses. First, plaintiff stated he stood eight hours in a *ten-hour* workday. *See id.* at 387. Second, plaintiff also reported that, in addition to the eight hours of standing, he, among other things: crouched for six hours; climbed for thirty minutes; stooped for most of his shift; handled, grabbed, or grasped big objects for eight hours; reached for eight hours; and wrote, typed, or handled small objects for two hours. *See id.* Plaintiff's reported figures exceed what can be physically accomplished in a normal eight-hour or even ten-hour workday. Thus, although plaintiff earlier claimed to have stood for eight hours, given the questionable work history report numbers, it was reasonable for the vocational expert to rely on plaintiff's hearing testimony.

Accordingly, the ALJ posed a complete hypothetical to the vocational expert. The hypothetical adequately included all of plaintiff's limitations.

**B.    The ALJ Properly Classified Plaintiff's Greeter Job as Past Relevant Work**

Plaintiff argues the ALJ erred when he classified his job as greeter/sales attendant as past relevant work. P. Mem. at 8-11. Specifically, plaintiff contends his two-month position as a greeter was an unsuccessful work attempt based on a temporary work accommodation. *Id.*

Plaintiff worked at Walmart as a stock clerk from July 2007 through July 2013, when he was laid off. AR at 107, 442, 673. On March 24, 2010, plaintiff suffered an injury at work, which necessitated a right knee partial medial meniscectomy with chondroplasty in August 2010 and right ankle arthroscopic

surgery in May 2011.[4]  *See id.* at 711, 716.  Plaintiff initially continued to work with accommodations but was later categorized as temporarily totally disabled following his ankle surgery.  *See id.* at 104-11, 699, 713.  In November 2011, plaintiff's physicians reclassified him as able to return to work on modified duty.  *Id.* at 697.  A few months later, in January 2012, plaintiff's physicians stated he was able to work with no restrictions.  *Id.* at 695.  Although plaintiff testified he worked as a greeter at Walmart for a few months after his injury before returning to the position of stock clerk, he never specified the exact dates.  Based on his testimony and the medical records, plaintiff presumably worked as a greeter from November 2011 through January 2012.

"Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. § 404.1560(b)(1).  A job is considered past relevant work only if it constitutes substantial gainful activity.  20 C.F.R. § 404.1572; *Lewis v. Astrue*, 236 F.3d 503, 515 (9th Cir. 2001).  Although to qualify as substantial gainful activity a plaintiff typically has to work at the job for a significant period of time (generally more than three months), this does not mean that past work that lasted for less than three months can never constitute past relevant work.  *See* 20 C.F.R. § 404.1574(a)(1); SSR 84-25.  A job must have lasted long enough for the plaintiff to have learned to do it.  20 C.F.R. § 404.1565(a).

Plaintiff does not dispute that his job as greeter constituted substantial gainful activity.  *See* P. Mem. at 8-9.  In particular, plaintiff does not argue the

---

[4] At the hearing, plaintiff testified his right knee "went out" in July 2013, rendering him unable to work.  *See* AR at 224. Plaintiff stated that worker's compensation paid for his knee and ankle surgeries.  *See id.* at 225-26.  Plaintiff's date was inaccurate.  The medical records reflect plaintiff suffered the injury in March 2010 and the surgeries were performed in 2010 and 2011.  *See id.* at 711, 716.

8

two-month duration was too short to constitute substantial gainful activity or that he did not meet the earnings threshold. The question is whether his past work as greeter constitutes past relevant work.

Plaintiff contends his job as a greeter was not past relevant work because the regulations state if a claimant works less than six months and stops due to the removal of the accommodations that allowed him to work, such job is an unsuccessful work attempt. *See* P. Mem at 9 (citing 20 C.F.R. § 404.1574(c)(3)). Plaintiff misconstrues the regulations.

The regulations refer to the inability of a claimant to work a specific job once accommodations that enable him to work it are removed. *See* 20 C.F.R. § 404.1574(c)(3) ("We will consider work of 6 months or less to be an unsuccessful work attempt if you stopped working or you reduced your work and earnings below the substantial gainful activity earnings level because of your impairment or because of the removal of special conditions that took into account your impairment and permitted you to work."). Plaintiff here did not require accommodations in order to perform the job of greeter. Rather, the job of greeter itself was an accommodation to allow him to continue working while recovering from his injuries. Once plaintiff had recovered, his employer moved him back to his initial job of stock clerk, which required a higher exertional level than greeter. In other words, plaintiff was functionally able to work both jobs of greeter and stock clerk after the two months. As such, plaintiff's duration as a greeter was not an unsuccessful work attempt pursuant to 20 C.F.R. § 404.1574(c)(3).

Because plaintiff's job as a greeter/sales attendant was not an unsuccessful work attempt, the question then is whether the ALJ's determination that the job was past relevant work and plaintiff could perform this job was supported by substantial evidence. In order to determine whether a claimant's prior work constitutes past relevant work and claimant can perform the past relevant work, an

ALJ may rely on the Dictionary of Occupational Titles ("DOT"), plaintiff's testimony, and a vocational expert's testimony. 20 C.F.R. § 404.1560(b)(2).

Here, the DOT indicates the specific vocational preparation ("SVP") for the job of sales attendant is level two, which means a person holding that job can learn the skills within a month. DOT 299.677-010; *see, e.g., Tancayo v. Astrue*, 2010 WL 1172203, at *5-*6 (C.D. Cal. Mar. 23, 2010) (ALJ's conclusion that the three to four months plaintiff worked as an office clerk constituted past relevant work was supported by substantial evidence because the DOT described the job as one that could be learned in three months and the VE testified it was past relevant work); *cf. Castillo v. Colvin*, 2016 WL 5019090, at *10 (C.D. Cal. Sept. 19, 2016) (plaintiff's two months as a receptionist did not constitute past relevant work because the SVP indicated the job required three to six months to learn). Plaintiff's two months as a greeter/sales attendant meets the DOT duration requirement. Moreover, the VE testified plaintiff's job of greeter constituted past relevant work and a hypothetical person with plaintiff's RFC could perform the job.

In short, the ALJ's determination that plaintiff's job as greeter/sales attendant constituted past relevant work was supported by substantial evidence.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: January 31, 2020

SHERI PYM
United States Magistrate Judge